# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD WILLIAMS,<br><br>Defendant. | Case No. 2:17-CR-0223-KJD-PAL<br><br>ORDER |

Presently before the Court is the United States' Notice of Non-opposition to Probation Officer's Recommendation (#25). Defendant's probation officer has recommended termination of supervised release and the Government does not oppose termination.

A district court enjoys "broad discretion" when, after it takes into account the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of his supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

Title 18 U.S.C. § 3583(e) states:(e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational,

| | |
|---|---|
| 1 | vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range |
| 2 | established for the category of defendant; (6) any pertinent policy statement by the Sentencing |
| 3 | Commission; (7) the need to avoid unwarranted sentence disparities among defendants with |
| 4 | similar records who have been found guilty of similar conduct; and (8) the need to provide |
| 5 | restitution to any victims of the offense.  <u>See</u> 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), |
| 6 | (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). |
| 7 | Defendant was originally sentenced to one (1) day of custody. He commenced a thirty-six |
| 8 | (36) month term of supervised release on March 14, 2018. Defendant has received extensive |
| 9 | treatment for the substance abuse problem which led to his underlying conviction. He has shown |
| 10 | that he can maintain his sobriety. He has had no negative interactions with law enforcement |
| 11 | while on supervised release. Defendant has maintained a stable residence.  Furthermore, |
| 12 | Defendant currently suffers from a serious illness which requires constant treatment. Therefore, |
| 13 | having considered the statutory and advisory factors promulgated by the Judicial Conference, the |
| 14 | Court finds the termination of supervision is warranted by conduct of Defendant and the interests |
| 15 | of justice. |
| 16 | Accordingly, IT IS HEREBY ORDERED that Defendant's term of supervised release is |
| 17 | **TERMINATED effective March 15, 2019.** |
| 18 | Dated this 14th day of March, 2019. |

_____
Kent J. Dawson
United States District Judge